IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CURTIS AUBURN TOLBERT III,

    Plaintiff,

vs.                                               No. CV 20-00269 MV/KRS

JEANNE THAYER, JOHN CORLEY,
RICH EVENS, DEE A. SANCHEZ,
STEVE ZIEGLER, ANN HALTER,
LISA TRABAUDO, CARRIE BRANDENBURG,
SUSAN BURESS-FARRELL,
CATHERINE ZARKOS, BRENDAN O'REILLY,
BRIAN CLOSE, GEOFFREY D. SCOVIL,
CITY OF ALBUQUERQUE, SUSANA MARTINEZ,
JOHN DOE and JANE DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the handwritten complaint filed by Plaintiff Curtis Auburn Tolbert III. (Doc. 1). The Court will dismiss all federal claims in the complaint, and will decline to exercise supplemental jurisdiction over any remaining state law claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Tolbert was convicted in New Mexico State Court of four counts of criminal sexual penetration of a minor, three counts of criminal sexual contact of a minor (person in authority), two counts of contributing to the delinquency of a minor, and two counts of bribery of a witness based on a no-contest plea. Judgment was entered on his convictions on April 26, 2011. *State v.*

1

*Curtis A. Tolbert*, No. D-202-CR-2009-03581 (the "State Case").[1]  Since entry of judgment in his State Case, Mr. Tolbert has filed multiple state habeas corpus cases. His most recent habeas corpus petition was denied by the New Mexico District Court on March 18, 2021.  The New Mexico courts have not vacated, reversed, or modified Mr. Tolbert's conviction.

Mr. Tolbert filed his handwritten Complaint on March 24, 2020.  Doc. 1.  His Complaint names as Defendants a private neighbor, the former Governor of the State of New Mexico, the former Mayor of the City of Albuquerque, several APD police officers and detectives, several representatives of the Bernalillo County District Attorney's Office, several attorneys from the New Mexico Office of the Public Defender, and one of the judges who presided over proceedings in his state criminal case.  *Id.* at 1-8; Doc. 18 at 1-2.  He seeks damages against Defendants for violation of the United States Constitution, the New Mexico Constitution, and state and federal privacy interests arising out of his criminal arrest, prosecution, and conviction in the State Case.  Doc. 1 at 12, 17, 23-27; Doc. 17 at 1; Doc. 18.

## PENDING MOTIONS

Pending before the Court are Mr. Tolbert's Motion to Have Defendants Served (Doc. 15), Motion for order to change "lower" court's ruling (Doc. 17) and "Motion to Amend Defendants and Relief" (Doc. 18).  In his Motion to Amend, Mr. Tolbert asks the Court to allow him to add Judge Jacqueline Flores as a Defendant in place of "Jane Doe."  Doc. 18 at 1-2.  He also seeks an amendment to his request for relief to specify amounts of monetary damages, ranging from

---

[1] The state criminal filings are subject to judicial notice.  *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

2

$100,000 to $20,000,000, against each of the named Defendants. *Id.* at 7-10.  The Court will grant Plaintiff's Motion to Amend and deem the Complaint amended to include the allegations in that Motion.  In light of the dismissal of this case, Plaintiff's Motion to Have Defendants Served and Motion for order to change "lower" court's ruling will be found as moot.

## DISCUSSION

**I.     Mr. Tolbert's Federal Constitutional Claims are Barred by the *Heck* Doctrine.**

Mr. Tolbert's federal constitutional claims arise out of the circumstances surrounding the investigation, prosecution, and resolution of his State Case.  Specifically, the Complaint alleges that a variety of individuals engaged in improper conduct that ultimately led to him signing a wrongful plea deal.  The Complaint alleges as follows: a neighbor invaded his privacy by working with his daughter to record evidence and then gave the recording to the police who investigated the conduct underlying his conviction, Doc. 1 at 12-17, 23-24; former Albuquerque Mayor Richard Berry violated his constitutional rights by failing to train the employees who, in turn, violated his constitutional rights during their investigation of the conduct underlying his conviction, *id.* at 18; three Albuquerque police officers violated his constitutional rights during their investigation of the conduct underlying his conviction, *id.* at 11, 18-19; the Bernalillo District Attorney and several other individuals in the District Attorney's Office violated his constitutional rights during their prosecution of his State Case, *id.* at 19-20; individuals in the New Mexico Public Defender's Office violated his constitutional rights during their representation of him during his State Case, *id.* at 21; former Governor Susana Martinez violated his rights by allowing the District Attorney and the Public Defender to violate his rights, *id.* at 22; and Judge Flores violated his rights while presiding over his State Case, *id.* at 1-2.

Mr. Tolbert's claims essentially assert that his conviction, which followed from these improprieties, is invalid. As such, the Court is constrained to find that his claims are barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence. *Id.* at 487. The doctrine has been extended to bar other types of relief "when the concerns underlying *Heck* exist," including "those claims that would necessarily imply the invalidity of [the] conviction." *Beck v. Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying Heck to claims for declaratory relief). For example, the Tenth Circuit has barred a request for injunctive relief where the allegations addressed false arrest and imprisonment and where the plaintiff's conviction had not been overturned. *See, e.g., Lawson v. Engleman,* 67 F. App'x 524, 526 n.2 (10th Cir. 2003).

Here, if the Court were to resolve any of Mr. Tolbert's § 1983 claims in his favor, the necessary implication would be that his conviction in his State Case is invalid. The Court is not permitted to resolve Mr. Tolbert's claims under these circumstances. Thus, under *Heck*, Mr. Tolbert's claims are barred.

**II.     Mr. Tolbert's Federal Constitutional Claims are Barred by the Statute of Limitations.**

In addition, Mr. Tolbert's federal constitutional claims are barred by the applicable statute of limitations. Civil rights claims arising under § 1983 are governed by the three-year personal injury statute of limitations contained in Section 37-1-8 of the New Mexico Statute. *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Id.* at 1216. As alleged on the face of Mr. Tolbert's complaint, the events giving rise to his claims all occurred

4

in 2009.  *See* Doc. 1 at 8-13 (alleging violations of his rights on July 16, 2009, July 17, 2009, July 21, 2009, July 23, 2009, July 24, 2009, and August 10, 2009).  Indeed, Mr. Tolbert raised issues arising from these events in a motion filed in his State Case in April 2011.  Doc. 18 at 2.  The facts, as alleged by Mr. Tolbert, thus demonstrate that he knew or should have known of the alleged injury and its unconstitutional cause by the time that judgment was entered in his State Case in 2011.  He did not file his Complaint in the instant case until March 24, 2020, almost nine years thereafter.  Accordingly, Mr. Tolbert failed to file his action within the three-year limitation period, and his federal constitutional claims are time-barred.

### III.     Mr. Tolbert's Federal Constitutional Claims Against the Judge, Prosecutors, Defense Counsel, and His Neighbor Fail to State a Claim.

Mr. Tolbert sues the judge, prosecutors, and public defenders involved in his State Case, in addition to his neighbor, Jeanne Thayer.  None of these Defendants is subject to suit under § 1983.

Relief is only available under § 1983 when the wrongdoing is attributable to a "'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).  Public defenders do not act under color of state law.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 316-318 (1981); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26 (10th Cir. 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant.").  Further, there are no allegations in the Complaint to suggest that Thayer, who is a private individual, was acting as an official under color of state law.  Mr. Tolbert's claims against New Mexico Public Defendant attorneys Susan Burgess-Farrell, Catherine Zarkos, Brendan O'Reilly, Brian Close, and Geoffrey D. Scovil, in addition to his claims against Thayer, thus fail as a matter of law.

5

Moreover, any claims against District Attorney Brandenberg, Deputy District Attorney Lisa Trabaudo, Assistant District Attorney Ann Halter, and District Attorney Investigator Steve Ziegler are barred.  Mr. Tolbert alleges that these individuals violated his rights by prosecuting him, asking the Court to increase his bond, and making slanderous statements during court hearings on motions to suppress.  Doc. 1 at 19-20. Prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  This includes initiating a prosecution, presenting evidence, making arguments concerning bond, and participating in suppression hearings.  *See Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir. 1991); *Nielander v. Board of County Comm'rs,* 582 F.3d 1155, 1164 (10th Cir. 2009); *Carey v. Okubo*, 158 F. App'x 962, 967 (10th Cir. 2005); *Smith v. Kagay*, No. 16-3019-SAC-DJW, 2017 WL 1709579, at *1 (D. Kan. May 3, 2017).  Accordingly, Mr. Tolbert cannot sue the prosecutors for their alleged actions.

Judges are similarly immune from a civil rights suit based on actions taken in their judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."  *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  The only exception is when a judge "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).  As a State District Judge, Judge Flores clearly had jurisdiction over Mr. Tolbert's State Case, notwithstanding any allegations of wrongdoing.  Consequently, Mr. Tolbert cannot sue Judge Flores for actions taken by her in presiding over his State Case.

For these reasons, Mr. Tolbert's Complaint fails to state a claim upon which relief can be granted against the public defenders, prosecutors, judge, or his neighbor.

**IV.     The Court Declines to Exercise Supplemental Jurisdiction**.

In addition to federal constitutional claims, the Complaint asserts claims arising out of state law, including claims of invasion of privacy in violation of New Mexico statutes and the New Mexico constitution. Doc. 1 at 8. The Court's pendent jurisdiction over these state law claims "is exercised on a discretionary basis," and the Tenth Circuit has generally held that "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citations omitted). The Tenth Circuit has explained its general disinclination "to exercise pendent jurisdiction in such instances because notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Id.* at 1230 (citations omitted).

Having determined in this Memorandum Opinion and Order that Mr. Tolbert's federal constitutional claims must be dismissed, only the supplemental or pendent state law claims remain. The Court finds that these issues are best left for a state court's determination. *Brooks*, 614 F.3d at 1230. Accordingly, the Court declines to exercise supplemental jurisdiction over any of Mr. Tolbert's state law claims and will dismiss them without prejudice. *Id.*

**IT IS THEREFORE ORDERED that:**

**(1)** Mr. Tolbert's Motion to Have Defendants Served (Doc. 15) and Motion for order to change "lower" court's ruling (Doc. 17) are **FOUND AS MOOT**;

**(2)** Plaintiff's Motion to Amend Defendants and Relief (Doc. 18) is **GRANTED;**

**(3)** All federal claims in the Complaint (Doc. 1) are **DISMISSED with prejudice;**

**(4)** All state law claims in the Complaint (Doc. 1) are **DISMISSED without prejudice;** and

**(5)** final judgment will be entered.

_____
MARTHA VAZQUEZ
Senior United States District Judge